UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-20531-CIV-MORENO

MSPA CLAIM I, LLC., a Florida limited
liability company, as assignee of Florida
Healthcare Plus, on behalf of itself and all other
similarly situated Medicare Advantage
Organizations in the State of Florida,

        Plaintiff,

vs.

NATIONAL FIRE INSURANCE COMPANY
OF HARTFORD,

        Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

This case stems from the Medicare Secondary Payer Act's private right of action, which allows Plaintiff, an assignee of a Medicare Advantage Organization, to sue for reimbursement of Medicare benefits provided to its enrollee, who suffered burns at a location insured by Defendant National Fire Insurance Company of Hartford. Defendant moved to dismiss arguing the statutory threshold amount is not met. This Court agrees the threshold amount is a prerequisite to filing suit under the Act's private right of action. Accordingly, the Court grants the motion to dismiss.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. 46)**, filed on **February 6, 2017**.

THE COURT has considered the motion, the response, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. It is also

**ADJUDGED** that all other pending motions are DENIED as moot.

## I. Background

Plaintiff MSPA Claims I, LLC invokes the private cause of action provision of the Medicare Secondary Payer Act to recover reimbursement of Medicare benefits in this case. Plaintiff is a twice-removed assignee of a Medicare Advantage Organization, called Florida Healthcare Plus, Inc., which paid medical bills incurred by its enrollee named L.H., who suffered burns at a Sonic location. Plaintiff alleges Defendant National Fire Insurance Company provided liability insurance for Sonic and should reimburse the costs incurred by Florida Healthcare Plus, Inc. Plaintiff also alleges that National Fire settled L.H.'s claim against Sonic for $1,500 on June 4, 2014, but National Fire failed to reimburse Florida Healthcare Plus, Inc. for that amount.

Florida Healthcare Plus, Inc. originally assigned its claim against National Fire to La Ley Recovery Systems, Inc., which, in turn, assigned its claim to Plaintiff MSPA Claims I, LLC.

The Second Amended Complaint asserts two counts against National Fire. The first is a private right of action under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b)(3)(A), seeking double damages for National Fire's alleged failure to reimburse Florida Healthcare Plus for Medicare benefits it advanced to cover L.H.'s medical costs. The second count is for a declaratory judgment as to National Fire's obligation to reimburse the payment of conditional Medicare benefits.

Defendant National Fire is moving to dismiss arguing the settlement amount of $1,500 is less than the threshold amount necessary to trigger National Fire's reimbursement obligation under the Medicare Secondary Payer Act. Second, Defendant National Fire argues the assignment to Plaintiff is invalid because the Medicare Advantage Organization, Florida Healthcare Plus, Inc. did not approve it prior to the filing of the complaint.

## II. Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

## III. Legal Analysis

The Medicare Act Part C, allows a private insurance company operating as a Medicare Advantage Organization to administer Medicare benefits pursuant to a contract with the federal government, Centers for Medicare & Medicaid Services. Humana Medical Plan, Inc. v. W. Heritage Ins. Co., 832 F.3d 1229, 1235 (11th Cir. 2016). The law requires a primary plan to reimburse Medicare "if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service." 42 U.S.C. § 1395y(b)(2)(B)(ii). "[I]n other words, Medicare may obtain reimbursement from a primary plan if it demonstrates that the

primary plan 'has or had a responsibility' to pay for the item or service." MSP Recovery, LLC. v. Allstate Ins. Co., 835 F.3d 1351, 1355 (11th Cir. 2016).

In addition to allowing the federal government to file suit seeking reimbursement, Congress also created a private right of action against a primary plan that fails to provide for primary payment. Id. At issue in this motion to dismiss is whether the threshold amount applies to private rights of action by a Medicare Advantage Organization, or only to claims brought by the federal government.

### A. Threshold Amount

In Allstate, the Eleventh Circuit examined the structure of the Medicare Secondary Payer Act's private cause of action. The text of the private right of action reads as follows:

> There is established a private cause of action for damages . . .in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A).

42 U.S.C. § 1395y(b)(3)(A). Recognizing the lack of clarity in the statute, the Eleventh Circuit held that the demonstrated responsibility requirement is incorporated as a prerequisite to pursuing the private cause of action. Allstate, 835 F.3d at 1359. The Eleventh Circuit held this even though "demonstrated responsibility" was not explicitly included as a prerequisite in the text of the private right of action at § 1395y(b)(3)(A). Rather, the demonstrated responsibility provision is written in a separate section § 1395y(b)(2)(B). In Allstate, the private right of action established in § 1395y(b)(3)(A) references paragraph 2(A), which, in turn, references paragraph (2)(B). Therefore, the Eleventh Circuit reasoned the demonstrated responsibility requirement should be read into the private right of action. Here, the question goes one step further and the Court must decide whether the threshold amount found in § 1395y(b)(9) should likewise be read into the private right of action as a prerequisite.

4

The threshold amount provision reads as follows:

> Clause (ii) of paragraph (2)(B) and any reporting required by paragraph (8) shall not apply with respect to any settlement, judgment, award, or other payment by an applicable plan arising from liability insurance . . . and from alleged physical trauma-based incidents . . . constituting total payment obligation to a claimant of not more than the single threshold amount calculated by the Secretary under subparagraph (B) for the year involved.

42 U.S.C. § 1395y(b)(9)(A). The threshold amount section references clause (ii) of paragraph (2)(B), which, in turn, cross-references paragraph (9), and clarifies that any reimbursement obligation imposed upon a primary plan for payments is subject to paragraph (9). 42 U.S.C. § 1395y(b)(2)(B)(ii). Unequivocally, statutory section (2)(B) references the threshold amount of paragraph (9) and vice-versa. Following Allstate's rationale, this Court will likewise read the threshold amount requirement into the private right of action.

Plaintiff requests the Court limit the threshold amount requirement to cases brought by the federal government for reimbursement under 42 U.S.C. § 1395y(2)(B)(3). In support of its position, MSPA cites W. Heritage Ins. Co., 832 F.3d at 1237, to argue that paragraph (2)(B) does not apply to Medicare Advantage Organizations. The Eleventh Circuit, in Humana, did not, however, decide whether the Government's right of action in paragraph (2)(B) was available to Medicare Advantage Organizations. Id., 832 F.3d at 1237, n. 4 ("The parties do not argue and we do not consider whether the Government's cause of action described in paragraph (2)(B) was intended to be available to Medicare Advantage Organizations."). The Court, therefore, does not find Plaintiff's argument persuasive that the threshold amount only applies to the government's actions, and not private ones.

The parties have not cited any case that limits the threshold requirement of paragraph (9) to the Government's right of action and does not apply it to the private right of action. Indeed,

5

courts have recognized the general principle that "Congress clearly intended there to be parity between MAOs [Medicare Advantage Organizations] and traditional Medicare." In re: Avandia Mktg. Sales Practices & Prods. Liab. Litig., 685 F.3d 353, 364 n. 18 (3d Cir. 2012). This principle is also reflected in the regulations promulgated under Medicare, which state "[t]he MA [Medicare Advantage] Organization will exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP [Medicare Secondary Payer Act] regulations." 42 C.F.R. § 422.108(f).

Even if the Court were to agree with Plaintiff that the statute is ambiguous as to whether the threshold requirement is embedded in the private right of action, an examination of the legislative history does not show that Congress intended to draw distinction between Medicare and Medicare Advantage Organizations. Plaintiff argues Congress included the threshold amount only to assure the Government does not recover less than the cost to pursue a claim. The problem with the Plaintiff's argument is that the cost-savings rationale applies equally to Medicare Advantage Organizations, which are funded out of the same trust funds that support traditional Medicare. See 42 U.S.C. § 1395w-23(f). Moreover, if Plaintiff were correct, a Medicare beneficiary receiving benefits from a Medicare Advantage Organization would be required to reimburse the organization regardless of the settlement amount, whereas a Medicare beneficiary receiving benefits from traditional Medicare would not if the amount was below the threshold. See 42 C.F.R. § 411.24(g) (stating the government has a right of action against any entity, including a beneficiary, that has received a primary payment). Surely, Congress did not intend disparate treatment between beneficiaries of Medicare and those of Medicare Advantage Organizations.

It is undisputed that at the time of the settlement in this case, the threshold amount referenced in paragraph (9) of the Medicare Secondary Payer Act was set at $2,000. It is undisputed that National Fire's settlement for $1,500 was less than $2,000 and the threshold to bring a cause of action is not met. The Plaintiff, therefore, does not state a cognizable claim under the Medicare Secondary Payer Act.

Plaintiff's second count under the Declaratory Judgment Act does not confer an independent basis for federal subject matter jurisdiction. See Fed. Election Comm'n v. Reform Party of U.S., 479 F.3d 1302, 1307 n. 5 (11th Cir. 2007) ("The Declaratory Judgment Act does not, of itself, confer jurisdiction upon the federal courts."). Rather, a suit brought under the Act must state some independent source of jurisdiction.

Having found the threshold amount is not met, the Court need not reach the standing issue as to whether the Plaintiff had a valid assignment at the time it filed suit.

DONE AND ORDERED in Chambers at Miami, Florida, this 20 of September 2017.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

7